### MARTIN v. STATE.   (7 Div. 909.)

(Court of Appeals of Alabama.   July 14, 1923. Rehearing Denied Oct. 30, 1923.)

On Rehearing.

1. Criminal law ⬅➡851(3)—Evidence of flight by defendant and hiding out to avoid arrest is relevant.

Evidence to prove flight of defendant or his hiding out to avoid arrest is relevant and admissible.

2. Criminal law ⬅➡622(5), 1137(1)—Persons separately indicted may consent to joint trial, and consent may not be repudiated on appeal.

Persons indicted separately for the same felony may consent to be tried together, a separate verdict being returned in each case, which consent, when given, may not be repudiated on appeal.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Ambrose Martin was convicted of violating the prohibition law, and appeals. Affirmed.

Hugh Reed, of Centre, for appellant.

The right to a joint trial is a matter of discretion with the trial court only where the defendants are jointly indicted. Code 1907, § 7842; Wilkins v. State, 112 Ala. 55, 21 South. 56. Counsel argue other questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The defendant expressly agreed to the trial of the two cases together, and therefore cannot now complain.

FOSTER, J. Affirmed on the authority of Lauren v. State, ante, p. 334, 97 South. 257.

On Rehearing.

[1] "It is permissible in a prosecution for crime to prove the flight of the defendant, and any evidence tending to prove flight, or that the defendant was hiding out to avoid arrest is relevant. For this purpose, and after it had been shown that defendant ran from the still when the officers found and raided it, the sheriff could testify that he searched for defendant at and near defendant's home and could not find him." Lauren v. State, ante, p. 334, 97 South. 257.

This defendant and another were separately indicted for the same offense and were by consent tried together and separate verdicts were returned.

[2] Two defendants indicted separately for the same felony shown by the evidence to have been committed jointly may consent to be tried together and a separate verdict may be returned in each case.

After having expressly consented in the lower court to be tried together, the defendants may not in this court repudiate their agreement.

There is no merit in the exceptions reserved to the evidence.

The application for rehearing is overruled.